# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EDWARD LEONARD MONTOYA,

    Plaintiff,

  vs.                                                                      CIVIL NO. 98-1166 RLP/JHG

NEW MEXICO LIVESTOCK BOARD,
LIVESTOCK BOARD OFFICERS, RAY
BACA and RANDELL NELSON, in their
individual and official capacities, NEW
MEXICO DEPARTMENT OF PUBLIC
SAFETY and STATE POLICE OFFICERS
JUAN MARTINEZ and RODRIGO LEAL,
in their individual and official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment **(Docket No. 20)**, the Court having read said motion, the memoranda in support of and in opposition to said motion and otherwise being fully advised, finds that motion is well taken and shall be **granted.**

## I. FACTS

Plaintiff, Edward Leonard Montoya, filed his Complaint against the New Mexico Livestock Board and two of its livestock officers and the New Mexico Department of Public Safety and two of its state police officers, for violating his civil rights,[1] assault, battery, false

---

[1] Plaintiff alleged violations of the 4th and 14th Amendments pursuant to 42 U.S.C. § 1983.

arrest, false imprisonment and malicious prosecution, stemming from his arrest on June 30, 1996.[2] The defendant, Inspector Ray Baca, made the warrantless arrest after concluding that probable cause existed for a warrantless arrest.

The facts and circumstances of this warrantless arrest are undisputed. On June 29, 1996 Inspector Baca received a telephone report that a heifer calf owned by Juan Lucero, Jr. had been stolen by two men. Inspector Baca thereafter interviewed the complainant, Connie Abila (the owner's daughter), who stated she felt one of the two men was the plaintiff. The day after the complaint was made Ms. Abila telephoned Inspector Baca and told him that the plaintiff was in the area with her father's stolen calf in his possession. Inspector Baca and another livestock officer responded to the scene with two New Mexico state policemen and after talking with Ms. Abila, confronted the plaintiff about the allegations. The plaintiff admitted that he knew the calf in his trailer did not belong to him. He further stated he picked-up the calf by mistake because he owned a similar looking calf. He told Inspector Baca he intended to return it to the lawful owner, but that he had already branded the animal with another brand.

After the calf's owner pressed charges, Inspector Baca arrested the plaintiff on June 30, 1996. On July 1, 1996, Inspector Baca filed a criminal complaint against the plaitniff.

---

[2]The livestock officers and the state police officers were sued in their individual and official capacities. In addition to the 42 U.S.C. § 1983 claims, the plaintiff alleges in Count III a claim for malicious prosecution. However, included in Counts I and II and in the factual sections of the complaint, plaintiff refers to the other torts referred to in this memorandum.

The plaintiff was formally charged with larceny of livestock, transportation of stolen livestock and unlawful branding of livestock, all felonies.[3]

On July 31, 1996, the District Attorney for the Fourth Judicial District, State of New Mexico, entered an Order of Nolle Prosequi without prejudice on the ground that "the matter needs further investigation". On January 21, 1997, Inspector Baca with the approval of the newly elected District Attorney filed a second criminal complaint against plaintiff for the same three felonies. Thereafter, on April 28, 1997, the District Attorney entered a Dismissal Without Prejudice on the ground that "the victim has signed an affidavit of non-prosecution."

## II. LEGAL STANDARD

A motion for summary judgment should be granted when there is no genuine issue of material fact, and, as a matter of law, the movant is entitled to judgment. Fed.R.Civ.P. 56(c). The Court must determine whether there is a genuine issue of fact that would require a trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court must construe the facts in the light most favorable to the non-movant. *Magnum Foods, Inc. v. Continental Casualty Co.,* 36 F.3d 1491, 1497 (10th Cir. 1994). The movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once this burden is met, the non-movant must come forward with evidence showing there is a genuine issue of material fact. *Bacchus Industries, Inc. v. Arvin Industries, Inc.,* 939 F.2d 887, 891, (10th Cir. 1991).

---

[3]The elements of these crimes can be found in §§ 30-16-1, 30-18-6 and 30-18-3 NMSA 1978.

## III. DISCUSSION

### A. Civil Rights Claims

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ramirez v. Oklahoma Dept. of Mental Health,* 41 F.3d 584, 592-93 (10th Cir. 1994) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1994)); *see also Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) ("If [defendants'] actions are those that a reasonable person could have believed were lawful, defendants are entitled to dismissal before discovery."). Qualified immunity protects government officials from being subjected to the burdens of discovery and trial in meritless cases. *See Harlow,* 457 U.S. at 818.

The discretionary function at issue in this case is the warrantless arrest of the plalintiff. The propriety of a warrantless arrest is analyzed under the probable cause standard. *See Beck v. Ohio,* 39 U.S. 89, 91 (1964); *Romero v. Fay,* 45 F.3d 1472, 1476 (10th Cir. 1995). "Probable cause exists if facts and circumstances within the arresting officers knowledge and of which he or she has <u>reasonably trustworthy</u> information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense". Id. (emphasis added) (quoting *Jones v. City and County of Denver, Colo.,* 854 F.2d 1206, 1210 (10th Cir. 1988)). Therefore, the relevant question is whether based upon the facts and

circumstances known to Inspector Baca, a reasonable peace officer could have believed there was probable cause to arrest the plaintiff.

To evaluate whether an officer has sufficient reasonably trustworthy information to constitute probable cause, clearly established case law requires officers to look at the "totality of the circumstances." See *United States v. Morgan,* 936 F.2d 1561, 1569 (10th Cir. 1991); *see also Illinois v. Gates,* 462 U.S. 213, 238 (1983). Peace officers must necessarily weigh the credibility of witnesses when they make their probable cause determination. However, they must make a reasonable investigation and evaluate available and undisputed facts. *See Romero*, 45 F.3d at 1476-77.

In this case it is undisputed that following the report of the theft of the heifer calf, that Inspector Baca investigated the basic evidence by interviewing the complainant and the accused. The accused admitted he was in possession of the missing calf and that he had wrongfully misbranded the animal and was intent on finding the animal's true owner. Inspector Baca talked to all available witnesses and after determining that crimes had been committed he arrested the plaintiff, Mr. Montoya.

After evaluating the elements of the crimes plaintiff was accused of committing, I find Inspector Baca had probable cause to believe that each of the three crimes had been committed. To hold otherwise would necessarily suggest that a peace officer would not have probable cause when all the elements of a crime have been established every time a suspect offers a different, exculpatory explanation. This is not the standard. *See generally, Marx*

*v. Gumbinner,* 905 F.2d 1503, 1507 (11th Cir. 1990); *Criss v. City of Kent,* 867 F.2d 259, 263 (6th Cir. 1988). All of the peace officers involved in this arrest and detention are immune under the Doctrine of Qualified Immunity.

**B. State Tort Claims**

The plaintiff's remaining claims are made pursuant to the New Mexico Tort Claims Act. See generally, §§ 41-4-1 to 27 NMSA 1978. In New Mexico, the Restatement of Torts is persuasive authority entitled to great weight. *Moore v. Burn Construction Co.,* 98 N.M. 190, 193 (Ct. App. 1982). The Court's finding that Inspector Baca had probable cause to arrest the plaintiff is dispositive of his remaining state tort claims. Inspector Baca had legal justification to arrest the plaintiff based upon the fact that he had probable cause under the circumstances to do so. *See Restatement (Second) of Torts, § 118.* A peace officer may use reasonable force to make an arrest. *Id. § 143.* There have been no facts presented to the Court that would suggest that the arrest was made in any manner but reasonable. Further, confinement may follow a lawful arrest. *Id. § 143.* Finally, one cannot be liable for the tort of malicious prosecution if the initiation of the proceedings were based upon probable cause. *DeVaney v. Thriftway Marketing Corp.,* 1998 - NMSC - 001, § 22, 24 N.M. 512, 520. Having concluded that the plaintiff was arrested based upon probable cause, all of plaintiff's claims for relief must fail.

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Motion for Summary Judgment Based on Qualified Immunity is **granted.**

**IT IS SO ORDERED.**

                                                RICHARD L. PUGLISI
                                      United States Magistrate Judge
                                          Sitting by designation

Michael Dickman, Esquire - Attorney for Defendants
Arthur E. Vargas, Esquire - Attorney for Plaintiff